UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>DANIEL COLEMAN,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:14-CR-395-KJD-PAL<br><br><br>ORDER |

Before the Court is the Government's Motion for Revocation of Magistrate Judge's Release Order (#11). Defendant Coleman has responded (#17) and the Government has replied (#18). The Court reviews the Magistrate's order de novo, without deference. United States v. Koenig, 912 F.2d 1190, 1193 (9th Cir. 1990). The Court may hold additional evidentiary hearings, or may simply decide the issue on the evidence already presented to the Magistrate. Id.

**I. Legal Standard**

The Bail Reform Act requires a defendant to be released unless there is "clear and convincing evidence" that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008) (citing 18 U.S.C. § 3142(e)). The Court is to consider four factors in determining whether to detain a defendant: 1) the nature and circumstances of the offense charged, including whether the offense involves a firearm; 2) the weight of the evidence against the person; 3) the history and characteristics of the person; 4) the

nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g).

**II. Analysis**

To begin, the Court notes that Defendant's response largely consists of urging the Court not to revoke the Magistrate's release order because no new evidence has been presented. The underpinning of this argument is deference to the Magistrate's decision, but no deference may properly be given.

**A. The First Factor**

The offense charged is Felon in Possession of a Firearm. Clearly the offense involves a firearm. Further, Defendant's possession was brought to the attention of police who were responding to 9-1-1 call reporting likely violence by a male against a female in a parked vehicle. When officers ordered the couple to exit the vehicle, the firearm was seen on the floor in front of the driver's seat, where Defendant was sitting. Although no battery charges were brought, and it was denied that the firearm had any role in the argument, the circumstances and nature of the offense suggest that Defendant's release poses some risk to the community.

**B. The Second Factor**

Of all the cases that come before this Court, Felon in Possession cases are among the most straightforward. The evidence presented thus far to the Court strongly suggests that Defendant is a felon and did in fact possess the firearm. Accordingly, this factor weighs against Defendant's release.

**C. The Third Factor**

Defendant's personal characteristics do not help him. He has a substantial history of domestic violence against multiple women, and has used or threatened to use weapons in furtherance of that violence. Further, his acquisition of a firearm in violation of the law strongly undermines any argument that he will abide by the Court's conditions of release. Defendant asserts that these prior charges are several years old, but this assertion rings hollow in light of the

9-1-1 call that triggered the instant case, reporting violence by the Defendant against his female passenger. Given this conduct, Defendant's family and community ties have failed to prevent dangerous behavior in the past. It would be unreasonable to assume they would do so now.

### D. The Fourth Factor

Defendant's history is marked by the intersection of violence against women and the use or threat of weapons. Such dangers are among the most lethal in any community. This factor strongly weighs against Defendant's release.

### III. Conclusion

For the above reasons, the Court finds that no combination of conditions will reasonably assure the safety of Defendant's female companions and the community. Accordingly, the Court hereby **REVOKES** the Magistrate's order of release, and **ORDERS** that Defendant be taken into custody.

DATED this 15th day of January 2015.

_____
Kent J. Dawson
United States District Judge